IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

CHAUNCEY BENNETT, #259742              *
        Plaintiff,
v.                                     *   CIVIL ACTION NO. JKB-15-3026

KATHLEEN GREEN (Warden), *et al*.      *
        Defendants.
                                  *****

MEMORANDUM

**I. BACKGROUND**

      This 42 U.S.C. § 1983 action was filed on October 6, 2015. Chauncey Bennett, who is incarcerated at the Eastern Correctional Institution ("ECI"), seeks punitive and compensatory damages, the restoration of back wages with pay and raises, and the award of diminution credits he would have earned. Bennett alleges that in the early morning hours of September 25, 2014, a search of cells on his housing unit was conducted outside his presence by a "drunk" search team. He claims that upon completion of the search, food was missing from his commissary items, property was mixed up, and "there was no mention of contraband." ECF No.1.

      Bennett states that following the search, he was cited with an infraction on October 1, 2014, charging him with possession of contraband (a "Black Street Hookers" DVD found with his property). He maintains that at the subsequent disciplinary hearing, he explained to Adjustment Hearing Officer ("AHO") Rowe that the officers were drunk, no DVD was ever shown to him before or during the adjustment hearing, and there was no confiscation form stating that he had any contraband. *Id*. Bennett states that the infraction form was not signed and the infraction was written six days after the search was conducted. He contends that Rowe's

decision to find him guilty was "highly tainted" and the sanctions imposed on him violated his due process rights   ECF No. 1.

On March 4, 2016, defendants filed a motion to dismiss or for summary judgment which has been treated as a motion for summary judgment.[1]  ECF No. 13.  Bennett has filed an opposition response[2] and defendants have filed a reply.  ECF Nos. 15-18.   The Court has examined the record and finds that no hearing is necessary.  *See* Local Rule 105.6. (D. Md., 2014).  For reasons to follow, defendants' summary judgment motion will be granted.

## II.  LEGAL STANDARD

Rule 56(a) of the federal Rules of Civil Procedure provides:

> A party may move for summary judgment, identifying each claim or defense—or the part of each claim or defense—on which summary judgment is sought.  The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.  The court should state on the record the reasons for granting or denying the motion.

"The party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of [his] pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.'" *Bouchat v. Baltimore Ravens Football Club, Inc.*, 346 F.3d 514, 525 (4th Cir. 2003) (alteration in original) (quoting former Fed. R. Civ. P. 56(e)). The court should "view the evidence in the light most favorable to....the nonmovant, and draw all inferences in her favor without weighing the evidence or assessing the witness' credibility."

---

[1] Defendants sought and were granted two extensions to file their response.  Bennett filed a motion to dismiss defendants' first extension.  ECF No. 9.  The motion shall be denied.

[2] Bennettt has filed an amended document to "enhance" his case consisting of a letter from the Maryland State Treasurer involving the suspension of his tort claim pending receipt of a decision by the Inmate Grievance Office.  ECF No. 20.

*Dennis v. Columbia Colleton Med. Ctr., Inc.*, 290 F.3d 639, 644-45 (4th Cir. 2002). The court must, however, also abide by the "affirmative obligation of the trial judge to prevent factually unsupported claims and defenses from proceeding to trial." *Bouchat*, 346 F.3d at 526 (internal quotation marks omitted) (quoting *Drewitt v. Pratt*, 999 F.2d 774, 778-79 (4th Cir. 1993), and citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986)). "The party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials of [its] pleading, but must set forth specific facts showing that there is a genuine issue for trial." *Rivanna Trawlers Unlimited v. Thompson Trawlers, Inc.*, 840 F.2d 236, 240 (4th Cir. 1988).

### III. ANALYSIS

According to the documents provided by defendants, on September 25, 2014, ECI Correctional Officers Holland and Arndt conducted a cell search of ECI Housing Unit 6, Cell D06. ECF No. 13-2. Bennett was one of the occupants of that cell. Holland asserted that he found a sexually explicit DVD in Bennett's property, asked Bennett if the DVD was his, and Bennett admitted ownership of the DVD. He was charged with violating Rule 406 (possession of contraband). Defendants claim that the infraction notice was signed by both Holland and Approving Supervisor Lieutenant William Clayton.

Bennett was served with a notice of disciplinary hearing on October 1, 2014. ECF No. 13-3. On November 7, 2014, AHO Scott Rowe found him guilty of violating Rule 406. ECF No. 13-4 at Switalski Decl. No disciplinary segregation or loss of good conduct time was imposed. He was sanctioned with 15 days' cell restriction. *Id*. He was only allowed to go to meals, work/school, commissary for hygiene items only, showers, sick call, medical

appointments, church services (not studies), visits, classification hearings, and interviews with counselors. ECF No. 13-5.

In his opposition, Bennett claims that timing of the issuance of the notice of infraction violated the 72-hour rule and while on cell restriction he was not permitted to attend the legal reference library. ECF No. 15. He alleges that Holland and Arndt conducted several cell searches and he was not present when the examination of the cell took place. Bennett further asserts that although the infraction states that he acknowledged ownership of the DVD, there was no confiscation sheet to warrant a fact finding and no contraband has ever surfaced. *Id*.

In their reply, defendants state that Bennett's access-to-courts claim is not cognizable because he has failed to show that "his fifteen days of cell restriction prejudiced his ability to proceed with a protected legal claim." They further assert that he does not have a due process right under the Constitution because he does not have a liberty interest in avoiding fifteen days of cell restriction. ECF No. 17. They produce the audio tape of the adjustment hearing to show that the AHO's decision was based upon the written statement of the officer on the infraction and that he found the correctional officer's version of the events more credible than Bennett's testimony. ECF No. 18.

**IV. DISCUSSION**

Plaintiff has failed to allege how Warden Green and Secretary Moyer personally participated in violating his rights under the law. Under § 1983, individual liability must be based on personal conduct. *See Wright v. Collins,* 766 F.2d 841, 850 (4th Cir. 1985); *see also Foote v. Spiegal,* 118 F.3d 1416, 1423 (10th Cir. 1997). Further, in the absence of subjective knowledge, a prison official is not liable. *Farmer v. Brennan,* 511 U.S. 825, 847 (1994); *see*

4

*Johnson v. Quinones,* 145 F.3d 164, 168 (4th Cir. 1998).

Insofar as plaintiff intends to hold Green and Moyer liable under a theory of *respondeat superior*, under *Shaw v. Stroud,* 13 F.3d 791 (4th Cir. 1994), supervisory liability may attach under § 1983 if a plaintiff can establish three elements. These are (1) "that the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed 'a pervasive and unreasonable risk' of constitutional injury to citizens like the plaintiff"; (2) "that the supervisor's response to that knowledge was so inadequate as to show 'deliberate indifference to or tacit authorization of the alleged offensive practices' "; and (3) "that there was an 'affirmative causal link' between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff." *Id.* at 799 (citations omitted).  Plaintiff furnishes no grounds for supervisory liability.

Further, upon review of the complaint and pleadings, the Court finds no constitutional violations.  The basic due process standards applicable to a prison disciplinary proceeding are set forth in *Wolff v. McDonnell,* 418 U.S. 539, 556 (1974). As the *Wolff* Court explained, although prisoners "may not be deprived of life, liberty, or property without due process of law," their due process rights remain "subject to restrictions imposed by the nature of the regime to which they have been lawfully committed." *Id*. Accordingly, "there must be mutual accommodation between institutional needs and objectives and the provisions of the Constitution that are of general application." *Id*.

Although sentence and diminution credit calculation disputes generally are issues of state law and do not give rise to a federal question, the Supreme Court has held that when a State creates a right to good time credits, due process requires that a prisoner's right should not be

5

"arbitrarily abrogated." *Id*. at 557. Once a prisoner has earned good time credits under a state statute that awards mandatory sentence reductions for good behavior, he possesses a liberty interest in a reduced sentence, which cannot be revoked in the absence of minimum procedural guarantees. *Id*. at 556–57.

In prison disciplinary proceedings where an inmate faces the possible loss of diminution credits, he is entitled to certain due process protections. These include (1) advance written notice of the charges against him; (2) a hearing where he is afforded the right to call witnesses and present evidence when doing so is not inconsistent with institutional safety and correctional concerns, and a written decision; (3) the opportunity to have non-attorney representation when the inmate is illiterate or the disciplinary hearing involves complex issues; (4) an impartial decision-maker; and (5) a written statement of the evidence relied on and the reasons for taking any disciplinary action. *See Wolff*, 418 U.S. at 564-71. Inmates are not entitled to a right of confrontation, nor are they guaranteed a right to counsel. *Id*. at 567-70; *see Baxter v. Palmigiano*, 425 U.S. 308, 322 (1976); *Brown v. Braxton*, 373 F.3d 501, 505-06 (4th Cir. 2004). Substantive due process is satisfied if the disciplinary hearing decision was based upon "some evidence." *Superintendent, Mass. Correctional Institute v. Hill*, 472 U.S. 445, 455 (1985). The hearing officer's decision must contain a written statement of the evidence relied upon. *See Baxter*, 425 U.S. at 323 n.5.

Federal courts do not review the correctness of an AHO's findings of fact. *See Kelly v. Cooper*, 502 F. Supp. 1371, 1376 (E.D. Va. 1980). The findings will only be disturbed when unsupported by any evidence, or when wholly arbitrary and capricious. *See Hill*, 472 U.S. at 456; *see also Baker v. Lyles*, 904 F.2d 925, 933 (4th Cir. 1990).

To the extent Bennett alleges that he was denied due process as to the sanctions imposed on him for his rule violations, he was sanctioned with cell restriction.[3] Assuming, *arguendo*, that the disciplinary hearing was improper, no good conduct credits were lost to trigger due process protections.

Given the materials presented to the court, it is clear that Bennett was provided all the due process to which he was entitled. The proceedings before this court are not a retrial of the incident and the undersigned finds that the decision was based upon "some evidence."

**IV. CONCLUSION**

Accordingly, an order shall issue GRANTING defendants' motion for summary judgment (ECF No. 13) and ENTERING judgment in favor of defendants.

Date: May 16, 2016.                              _____/s/_____
                                                 James K. Bredar
                                                 United States District Judge

---

[3] Defendants correctly observe that Bennett's access-to-courts claim is not colorable as he has failed to show that his ability to litigate a case was impeded while on fifteen days of cell restriction. *See Lewis v. Casey*, 518 U.S. 343, 349 (1996) (a deprivation of an inmate's right of access to the courts is actionable, but only when the inmate is able to demonstrate actual injury from such deprivation).